In this case the chancellor decided that in a hill to foreclose a mortgage the complainant is bound to state whether any proceedings have been had at law to recover the debt secured by the mortgage, or the defendant may demur to the bill for that cause; and that if the complainant, in making the statement required by the statute, shows that a judgment has been recovered at law for the debt secured by the mortgage, or for any part thereof, the bill will also be subject to demurrer, unless he goes still further, and shows that he has exhausted his remedy at law, upon such judgment, by the return of an execution against the property of the defendant therein, unsatisfied. That in such a suit it is sufficient for the defendant to plead the recovery of a judgment for the mortgage debt, thereby negativing the false allegation in the bill, that no proceedings at law had been had for the recovery of the debt, without going further. That the fact of the recovery
of the judgment being established, *tlic onus of stating, as well as of proving, that the complainant has exhausted his remedy at law, is by the statute cast upon him, and that he cannot, by a false averment that no judgment has been obtained at la-sv, compel the defendant to show by his plea that his adversary has not exhausted his remedy at law by execution, in addition to the negation of this false allegation in the bill, by setting out the actual recovery of a judgment at law for the mortgage money. Decree appealed from reversed, with costs, and the plea allowed, and bill dismissed, with costs, but without prejudice, etc.